**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

WILLIAM LEWIS RAMSEY,                                                                      PLAINTIFF
Reg. 12429-028

v.                                              2:18-cv-00126-DPM-JJV

ANTHONY HAYNES, Warden,
Forrest City Low, *et al.*                                                              DEFENDANTS

## <u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>

### <u>INSTRUCTIONS</u>

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

## I.    **INTRODUCTION**

William Lewis Ramsey ("Plaintiff") is an inmate at the Federal Correctional Institution located in Forrest City, Arkansas ("FCI-FC").   He has filed this *pro se* action, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging Defendants Physician Assistant Michelle Wingo and Does, who are unknown members of the Medical Procedures Scheduling Committee, failed to provide him with constitutionally adequate medical care after he tore his left bicep on or about November 2, 2017.[1]   (Doc. No. 4.)   Plaintiff brings this claim against Defendants in their official and personal capacities, and monetary damages are the only relief he seeks.   (*Id.*)

Defendant Wingo has filed a Motion for Summary Judgment, arguing the claims against her should be dismissed because she is entitled to sovereign immunity and Plaintiff has failed to exhaust his administrative remedies.   (Doc. Nos. 21-23.)   Plaintiff has not responded, and the time for doing so has passed.   After careful consideration of this matter and for the following reasons, I find Defendant Wingo's Motion for Summary Judgment should be GRANTED and the claims against her should be DISMISSED.   Although the Doe Defendants have not joined in the Motion for Summary Judgment, I also recommend all claims against them be DISMISSED for the

---

[1]  All other claims were dismissed without prejudice during screening required by 28 U.S.C. § 1915A.   (Doc. Nos. 6 & 13.)

2

reasons raised by Defendant Wingo.

## II.     SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.   Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).   When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.   *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).   The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial.   *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).   The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.   *Id.* (citations omitted).   A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.   *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).   Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.   *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.     ANALYSIS

### A.     Official Capacity Claim

Defendant Wingo argues she is entitled to sovereign immunity from the inadequate medical care claim brought against her in her official capacity.   She is correct.   Plaintiff's official capacity claim against Defendant Wingo is treated as a claim against the United States.   *See Lewis*

*v. Clarke,* 137 S. Ct. 1285, 1291 (2017); *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir.1998). "Sovereign immunity protects the United States from being sued unless Congress has expressly waived the government's immunity." *Kaffenberger v. U.S.*, 314 F.3d 944, 950 (8th Cir. 2003). Congress has not waived the government's immunity from damages in a *Bivens* action. *Buford*, 160 F.3d at 1203 ("It is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity"). Accordingly, Plaintiff's official capacity claim for money damages is barred and should be dismissed with prejudice.

**B.    Personal Capacity Claim**

Defendant Wingo also argues Plaintiff's inadequate medical care claim brought against her in her personal capacity should be dismissed without prejudice because Plaintiff failed to properly exhaust his available administrative remedies prior to commencing this lawsuit.    I agree.

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."    42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983").    The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action

in federal court. *Jones,* 549 U.S. at 219; *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the

PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also*

*Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that

the agency holds out, and doing so properly so that the agency addresses the issues on the merits").

Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural

requirements of the incarcerating facility. *Id.*

The Bureau of Prisons ("BOP") Administrative Remedy Program requires inmates to seek

formal review of issues related to any aspect of their confinement. 28 C.F.R. §§ 542.10 to 542.18;

*see also* (Doc. No 23-1.) Inmates first must seek informal resolution by presenting the issue to

the prison's staff. 28 C.F.R. § 542.13. If the inmate is not satisfied with informal resolution,

the inmate must submit a Request for Administrative Remedy to the Warden within twenty (20)

calendar days of the grieved incident. *Id.* at § 542.14. If the Warden's response fails to satisfy

the inmate, the inmate must file an Appeal with the Regional Director within twenty (20) calendar

days of the Warden's response. *Id.* at § 542.15. If still dissatisfied, the inmate must file an

Appeal to the General Counsel within thirty (30) calendar days of the Regional Director's

response. *Id.* The General Counsel's decision is the final step in the administrative remedy

process. *Id.*

The FCI-FC Associate Warden's secretary states, in her sworn Declaration, that although

Plaintiff has previously used the BOP grievance procedure, he did not file any Administrative

Remedy Requests or Appeals challenging the medical care he received for his November 2, 2017

torn bicep. (Doc. No. 23-1 at 5). In the Amended Complaint, Plaintiff makes the conclusory and

factually unsupported assertion that he did not complete the BOP's grievance process because he

"never got a reply back."   (Doc. No. 4 at 3.)   It is unclear whether Plaintiff means he did not receive a response to his attempt at informal resolution, an Administrative Remedy Request, or an Appeal.   However, the distinction does not matter because the BOP exhaustion procedure clearly provides that a prisoner may proceed to the next step in the administrative review process if he or she does not receive a response from a prison official within the allotted time.[2]   *See* 28 C.F.R. § 542.18.   Plaintiff has not provided any evidence suggesting he was prevented from exhausting his available administrative remedies.   *See* 42 U.S.C. § 1997e(a) (requiring prisoners to exhaust "available" administrative remedies); *Ross v. Blake,* 136 S. Ct. 1850, 1859 (2016) (defining "available" administrative remedies as "grievance procedures that are capable of use to obtain some relief for the action complained of").

I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court.   To the contrary, the exhaustion requirement plays a critical role in the remedy process.   The United States Court of Appeals for the Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.   In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation.   In other instances, the internal review might filter out some frivolous claims.   And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27 (*quoting Porter v. Nussle*, 534 U.S. 516, 524-25 (2002)); *see also*

---

[2]   In non-emergent situations, the Warden must respond to an Administrative Remedy Request within twenty (20) calendar days, the Regional Director must respond to an Appeal within thirty 30 calendar days, and the General Counsel must make a final ruling within 40 calendar days.   28 C.F.R. § 542.18.

*Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court,' and it discourages 'disregard of [the agency's] procedures'") (*quoting McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).    Accordingly, I recommend Plaintiff's inadequate medical care claim against Defendant Wingo in her personal capacity be dismissed without prejudice.   *Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"); *Langford v. Norris*, 614 F.3d 445, 457 (8th Cir. 2010) (dismissal for failure to exhaust his administrative remedies is without prejudice).

### C.    Doe Defendants

The Doe Defendants did not join in Defendant Wingo's Motion for Summary Judgment because they have not been identified or served.   (Doc. Nos. 4, 5, 6, 11, 13.)    But, my conclusions regarding sovereign immunity and Plaintiff's failure to exhaust available administrative remedies equally apply to the Doe Defendants.    Thus, I also recommend Plaintiff's official capacity claims against the Doe Defendants be dismissed with prejudice and that his personal capacity claims against them be dismissed without prejudice.   *See Angelo Iafrate Constr. LLC v. Potashnick Constr., Inc.* 370 F.3d 715, 722 (8th Cir. 2004) (explaining that "if an answering party asserts a defense on the merits that equally applies to the other defendant, the success of the defense operates as a discharge to all the defendants"); *Owens/Mitchell v. Burl*, Case No. 4:14CV00126 DPM (E.D. Ark. May 7, 2014) (unpublished opinion) (holding, in a prisoner § 1983 action, that the "non-moving Defendants" were entitled dismissal based on a statute of limitations defense that was raised by other defendants), *aff'd without comment*, 2014 WL 1820639 (8th Cir. Sept. 29, 2014) (unpublished decision).

## IV.    CONCLUSION

7

IT IS, THEREFORE, RECOMMENDED THAT:

1.      Defendant Wingo's Motion for Summary Judgment (Doc. No. 21) be GRANTED.

2.      Plaintiff's official capacity claims against Defendants Wingo and Does be DISMISSED with prejudice.

3.      Plaintiff's personal capacity claims against Defendants Wingo and Does be DISMISSED without prejudice.

4.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 20th day of February 2019.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE